EDWARD A. RUTTENBERG (State Bar No. 67378)
ROBERT S. GUTIERREZ (State Bar No. 143223)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
E-Mail: eruttenberg@lpsla.com

DANIEL SCOTT SCHECTER (State Bar No. 171472)
COLIN B. VANDELL (State Bar No. 240653)
LATHAM & WATKINS, LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 891-7371 • Fax: (213) 891-8763
Email: daniel.schecter@lw.com

Attorneys for Defendant
APPLE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| TOMMY DUNBAR and JAMES GANGWER,<br><br>Plaintiffs,<br><br>v.<br><br>LUCASZ GOTTWALD (aka Dr. Luke), AVRIL LAVIGNE, KASZ MONEY PUBLISHING, AVRIL LAVIGNE PUBLISHING LLC, ALMO MUSIC CORP., RCA RECORDS, and APPLE, INC.,<br><br>Defendants. | CASE NO.: C 07-2758 WDB<br><br>**ANSWER TO COMPLAINT BY DEFENDANT APPLE, INC.** |

For itself alone and for no other defendant, defendant APPLE, INC. ("Answering Defendant"), by its undersigned attorneys, admits, denies and otherwise responds as follows to the Complaint filed against it by plaintiffs TOMMY DUNBAR and JAMES GANGWER ("Plaintiffs") in the above-entitled matter:

1. Answering Defendant admits that Plaintiffs have filed a civil action against it for alleged copyright infringement, in which they demand jury trial to the extent provided in Fed. R. Civ. P. 38(a). Except as expressly admitted, Answering Defendant denies generally and specifically each allegation contained in Paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Answering Defendant admits that the Court has subject matter jurisdiction over Plaintiffs' Complaint pursuant to 28 U.S.C. § 1338(a). Except as expressly admitted, Answering Defendant denies generally and specifically each allegation contained in Paragraph 2 of the Complaint to the extent that it applies to it, and denies for lack of sufficient knowledge or information each allegation contained in Paragraph 2 of the Complaint to the extent that it applies to other defendants.

3. Answering Defendant denies generally and specifically each allegation contained in Paragraph 3 of the Complaint to the extent that it applies to it, and denies for lack of sufficient knowledge or information each allegation contained in Paragraph 3 to the extent that it applies to other defendants.

**THE PARTIES**

4. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 4 of the Complaint.

5. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 5 of the Complaint.

6. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 6 of the Complaint.

7. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 7 of the Complaint.

8. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 8 of the Complaint.

9. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 9 of the Complaint.

10. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 10 of the Complaint.

11. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 11 of the Complaint.

12. Answering Defendant admits that it is a California corporation with its principal place of business in California. Except as expressly admitted, Answering Defendant denies generally and specifically each allegation contained in Paragraph 12 of the Complaint.

13. Answering Defendant denies generally and specifically each allegation contained in Paragraph 13 of the Complaint.

# CLAIM FOR COPYRIGHT INFRINGEMENT
## (Against All Defendants)

14. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 14 of the Complaint.

15. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 15 of the Complaint.

16. Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 16 of the Complaint.

17. Answering Defendant admits that Plaintiffs have not expressly authorized it to exploit protectible expression from the song "I Wanna Be Your Boyfriend," but Answering Defendant denies generally and specifically that it used all or any portion of the song "I Wanna Be Your Boyfriend" (protectible or otherwise), and further denies generally and specifically that anyone holds any rights in any portion of the song "I Wanna Be Your Boyfriend" other than in its protectible expression. Except as expressly admitted, Answering Defendant denies generally and specifically each other allegation contained in Paragraph 17 of the Complaint.

18. Answering Defendant denies generally and specifically each allegation contained in Paragraph 18 of the Complaint.

19. Answering Defendant denies generally and specifically each allegation contained in Paragraph 19 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (No Claim Stated)

20. Plaintiffs' Complaint fails to state facts sufficient to constitute a claim for relief against Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (17 U.S.C. § 412)

21. Plaintiffs' claims for relief are barred and/or limited by the provisions of 17 U.S.C. § 412.

## THIRD AFFIRMATIVE DEFENSE

### (17 U.S.C. § 411(a))

22. Plaintiffs' action is barred and/or limited by the provisions of 17 U.S.C. § 411(a).

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

23. Plaintiffs' action is barred in whole or in part by reason of plaintiffs' unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

24. Plaintiffs' action is barred in whole or in part because one or both Plaintiffs lack standing to prosecute such action.

## SIXTH AFFIRMATIVE DEFENSE

### (Fair Use)

25. Plaintiffs' action is barred in whole or in part by the doctrine of fair use, to the extent any such use occurred, which use Answering Defendant denies but here assumes merely for the sake of argument.

## SEVENTH AFFIRMATIVE DEFENSE

### (First Amendment)

26. Plaintiffs' action is barred in whole or in part because, to the extent any such use occurred, which use Answering Defendant denies but here assumes merely for the sake of argument, the purported use of Plaintiffs' purportedly copyrightable materials on which their claims rest constituted a use protected by the First Amendment to the United States Constitution,

## EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimis* Use)

27. Plaintiffs' action is barred by the doctrine of de minimis use to the extent any such use occurred, which use Answering Defendant denies but here assumes merely for the sake of argument.

## NINTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

28. Plaintiffs' claims for relief are barred in whole or in part because any use by Answering Defendant, which use Answering Defendant denies but here assumes merely for the sake of argument, was not willful.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

29. Plaintiffs' action is barred by Plaintiffs' own conduct and actions, which amount to and constitute an estoppel of the claims made by them in their Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

30. Plaintiffs' action is barred by Plaintiffs' own conduct and actions, which amount to and constitute a waiver of any right or rights Plaintiffs might have had in relation to the matters alleged in the Complaint.

WHEREFORE, Answering Defendant APPLE, INC. prays as follows:

1. That the Complaint be dismissed with prejudice and that Plaintiffs take nothing herein;

2. That Answering Defendant be awarded its costs of suit, including its reasonable attorneys' fees, incurred in defense of this action; and

3. That Answering Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED: August 16, 2007

*[signature]*
EDWARD A. RUTTENBERG
ROBERT S. GUTIERREZ
LEOPOLD, PETRICH & SMITH, P.C.

-- and --

DANIEL SCOTT SCHECTER
COLIN B. VANDELL
LATHAM & WATKINS, LLP
Attorneys for Defendant
APPLE, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274**.

On August 17, 2007, I served the foregoing document described as **ANSWER TO COMPLAINT BY DEFENDANT APPLE, INC.** on the interested parties in this action.

☒   by placing the original thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   **BY REGULAR MAIL:** I deposited such envelope in the mail at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐   **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐   **BY OVERNIGHT MAIL:** I deposited such documents at the Federal Express Drop Box located at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was deposited with delivery fees thereon fully prepaid.

☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 17, 2007, at Los Angeles, California.

/s/ Kathryn Toyama

## SERVICE LIST

David M. Given, Esq.
Phillips, Erlewine & Given LLP
One Embarcadero Suite 2350
San Francisco, California 94111
Tel: (415) 398-0900
Fax: (415) 398-0911

Christine Lepera, Esq.
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Tel: (212) 768-6700
Fax: (212) 768-6800

Donald M. Carley, Esq.
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Tel: (415) 882-5000
Fax: (415) 882-0300

Michael A. Guido, Esq.
Carroll, Guido & Groffman
1790 Broadway, 20th Floor
New York, NY 10019
Tel: (212) 759-2300
Fax: (212) 759-9556

Daniel Scott Schecter, Esq.
Colin B. Vandell, Esq.
Latham & Watkins, LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel: (213) 891-7371
Fax: (213) 891-8763

LEOPOLD, PETRICH & SMITH
A Professional Corporation

7326.doc